**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CIGAR ASSOCIATION OF AMERICA, INTERNATIONAL PREMIUM CIGAR AND PIPE RETAILERS ASSOCIATION, AND CIGAR RIGHTS OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION et al., <br><br> Defendants. | Civil Action No. 16-1460 (APM) |

**PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S NOTICE OF PUBLICATION OF ADVANCE NOTICE OF PROPOSED RULEMAKING**

Plaintiffs file this response to the Government's March 23, 2018, Notice of Publication of Advance Notice of Proposed Rulemaking (ECF No. 91). That notice attached the FDA's promised advance notice of proposed rulemaking ("ANPRM") to reexamine the regulation of premium cigars, which was formally published in the Federal Register yesterday. *See* Regulation of Premium Cigars, 83 Fed. Reg. 12,901–04 (Mar. 26, 2018) (Ex. A). Plaintiffs appreciated the Government's notice, but were surprised that it was not accompanied by a voluntary stay of enforcement of the mandated warnings provision set forth at 21 C.F.R. § 1143.5. The ANPRM confirms that the agency is actively reconsidering the application of the warnings requirements to premium cigars. *See* 83 Fed. Reg. at 12,903–04. And the agency is seeking input on how the category of premium cigars should be defined. *Id.* at 12,903. The warnings requirement cannot be allowed to go into effect on August 10, 2018, while the agency reconsiders a decision with tremendous constitutional and financial stakes.

- 1 -

The Court asked a number of questions at the December 14, 2017, hearing regarding whether the premium cigar rulemaking docket would reconsider imposing warnings on premium cigars:

> THE COURT: So what then is the FDA studying? I mean, when it says it is studying patterns of use and resulting public-health impacts of premium cigars, what is it studying? What will it be studying?
>
> MR. BECKENHAUER: So I think essentially it's agreed that going forward, it will take another look at this issue. But it did, during the deeming rule, take a full look at this issue and --
>
> THE COURT: So hold on. **You mean to tell me that the FDA is now saying, we'll take a harder look at the labeling issue with respect to premium cigars?**
>
> MR. BECKENHAUER: It's not looking at labeling in and of itself. It's agreed to look at two things: One, of course, is the use of flavors in tobacco products. And the second is patterns of use of premium cigars and potentially resulting health --
>
> THE COURT: So isn't that relevant to the warnings issue? Why is it -- just say hypothetically -- and let's say hypothetically your study reveals the following, which is that premium cigars, 95 percent of consumers of premium cigars are adults. Furthermore, of that population, 90 percent of them, you know what, smoking has risks, I understand that, I got it. Warning labels aren't going to make a whit of difference; I'm still going to buy cigars. Is the government's interest the same in that circumstance for having warning labels on premium cigars?
>
> MR. BECKENHAUER: Your Honor, I want to be careful not to get ahead of where the agency is on this --
>
> THE COURT: But then you're asking me to get ahead of it when the agency doesn't have all the evidence, it sounds like.
>
> MR. BECKENHAUER: No, Your Honor. I'm asking you to consider the evidence that was on the record at the time that the deeming rule was proposed and adopted.
>
> THE COURT: **But if the agency has now said, now communicated that we are going to reconsider the evidence or we're going to take a harder look at the evidence -- that's what it said, right?**
>
> MR. BECKENHAUER: I think what the agency has said is we will open a rule-making for the submission of additional evidence on this point.

. . . .

>     THE COURT: I guess the question is ultimately, if what the Supreme Court says is and the Circuit says that, look, the government essentially has to have all its ducks in a row first, right? In other words, it's got to do its study and then it imposes the requirements. I just -- I don't understand -- and I mean you've said earlier that they're asking for a special carve-out, but **isn't the agency, at least at the present moment, leaving open the possibility of a carve-out by continuing to study the issue with respect to premium cigars?**
>
>     MR. BECKENHAUER: Your Honor, it's certainly -- it's opened up a rule-making to take more evidence on the issue. But the evidence currently before the agency, or at least before the agency at the time, was that there wasn't sufficient evidence to conclude that premium cigars are special; that they present different health risks than other cigars.
>
>     THE COURT: **So is it a possibility, in your mind, that the premium cigar industry is going to spend millions of dollars updating these boxes and putting labels on them, only to be told later on, didn't have to do it?**
>
>     MR. BECKENHAUER: Your Honor, again, I want to be cautious not to get ahead of the agency if the agency decides to take a different course. But what I would emphasize is --
>
>     THE COURT: I guess I just have a real problem, it seems to me, with a government agency telling an entire industry, spend millions of dollars to satisfy a regulation that we're not sure is going to be on the books a year from now or two years from now.

Hr'g Tr. 36:8–39:22, Dec. 14, 2017 (emphasis added) (Ex. B).

The Court finally asked: **"[C]an you assure me today that the agency will not be reconsidering the warning requirements with respect to premium cigars?"** Hr'g Tr. 70:24–71:1 (emphasis added). The ANPRM unequivocally shows that the agency is, in fact, "reconsidering the warning requirements with respect to premium cigars." *Id.* The rulemaking seeks studies and information regarding "advertising, labeling, and/or packaging requirements and restrictions in the FD&C Act and its implementing regulations, and whether they should be applied differently to premium cigars compared to other tobacco products, including other cigars." 83 Fed. Reg. at 12,903–04. The FDA also seeks to study topics that should have been

resolved **prior to mandating warnings implicating First Amendment rights**, not after, including:

- "Studies or information regarding the impact of premium cigar labeling, advertising, and marketing efforts on patterns of use";

- "Studies or information regarding consumer perceptions of the health risks of premium cigars when compared to other tobacco products, including other cigars"; and

- "Studies or information regarding consumer perceptions of the addictiveness of premium cigars, especially compared and contrasted with perceptions for other cigars."

*Id*.

It is clear that the Government is asking the Court to render a constitutional ruling on a regulation that the FDA is taking action to reconsider, to amend, or to rescind. As the Court recognized, the Government wants the Court "to get ahead of it when the agency doesn't have all the evidence." Hr'g Tr. 37:13–15. Neither the First Amendment nor the Administrative Procedure Act permits an agency to require warnings and then study their need later. The Court should grant Plaintiffs' motion for partial summary judgment.

- 5 -

Dated: March 27, 2018                     Respectfully submitted,

/s/ *Michael J. Edney*
Michael J. Edney, DC Bar No. 492024
Ryan E. Meltzer, Texas Bar No. 24092821
NORTON ROSE FULBRIGHT US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0200
Fax: (202) 662-4643
michael.edney@nortonrosefulbright.com
ryan.meltzer@nortonrosefulbright.com

*Attorneys for Plaintiffs International Premium Cigar and Pipe Retailers Association and Cigar Rights of America*

/s/ *Mark S. Raffman*
Mark S. Raffman, DC Bar No. 414578
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Fax: (202) 346-4444
mraffman@goodwinlaw.com

*Attorneys for Plaintiff Cigar Association of America*