UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CIGAR ASSOCIATION OF AMERICA, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. FOOD AND DRUG )<br>ADMINISTRATION, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:16-cv-01460 (APM) |

**FINAL JUDGMENT AND ORDER**

In an opinion dated May 15, 2018, this court considered a cluster of challenges to two rules issued by the Food and Drug Administration ("FDA"): the "Final Deeming Rule," which subjected cigars, pipe tobacco, and certain other products to various regulatory and statutory requirements; and the "User Fee Rule," which assessed "user fees" on manufacturers and importers of cigars and pipe tobacco. *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 315 F. Supp. 3d 143 (D.D.C. 2018). As relevant here, this court granted summary judgment in favor of the FDA and denied Plaintiffs' motion for summary judgment on Counts VI and VII of their original complaint, holding that the Final Deeming Rule's health warning requirements did not violate the Tobacco Control Act ("TCA") or the Administrative Procedure Act ("APA") (Count VI), *id.* at 163, or the First Amendment (Count VII), *id.* at 174; *see also id.* at 189. This court then entered final judgment on these two counts pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 101, and stayed enforcement of the warning requirements pending appeal, *Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555 (D.D.C. 2018).

`

The D.C. Circuit recently reversed this court's judgment as to Count VI, opining that, "in promulgating the warning requirements for cigars and pipe tobacco," the FDA violated the APA by failing to consider whether the requirements "would likely affect the number of tobacco users." *Cigar Ass'n of Am. v. FDA*, 964 F.3d 56, 64 (D.C. Cir. 2020). The Circuit therefore "remand[ed] to the district court for further proceedings consistent with [its] opinion." *Id.* at 65. Given its resolution of Count VI, the Circuit did not reach the First Amendment issue raised in Count VII.

Before this court on remand, the FDA now suggests that the appropriate remedy is to remand the Final Deeming Rule without vacatur. *See* Joint Status Report, ECF No. 227, at 4 (stating that "all that remains for the Court to do in this case is to enter judgment remanding the warnings requirement to the FDA"). However, "vacatur is the normal remedy" for an APA violation. *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). A court's decision to "remand without vacatur depend[s] upon the seriousness of the order's deficiencies" and "the disruptive consequences of vacating the Rule." *Humane Soc'y of U.S. v. Zinke*, 865 F.3d 585, 614 (D.C. Cir. 2017) (cleaned up); *see also Allied–Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)). In this instance, neither factor warrants a departure from the default rule of vacatur.

First, the D.C. Circuit found that the FDA did not "consider an important aspect of the problem" when it failed to comply with its statutory mandate to consider the likely impacts the warning requirements would have on tobacco cessation and adoption rates. *See Cigar Ass'n*, 964 F.3d at 62 (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The Circuit stressed that "[w]hen requiring a product to bear such obtrusive and expensive health warnings, it is difficult to imagine a more important 'aspect of the problem.'" *Id.* That failure was a serious deficiency. *See SecurityPoint Holdings, Inc. v.*

`

*Transportation Sec. Admin.*, 867 F.3d 180, 185 (D.C. Cir. 2017) ("[T]he court must vacate a decision that entirely failed to consider an important aspect of the problem . . . ." (cleaned up)); *see also* ECF No. 181, at 30 (collecting similar cases).

Second, vacatur would not be disruptive.  The warning requirements for cigars and pipe tobacco have not gone into effect (they were stayed pending appeal, *see Cigar Ass'n*, 317 F. Supp. 3d at 563–64), meaning that this is not the case in which "[t]he egg has been scrambled and there is no apparent way to restore the status quo ante," *Sugar Cane Growers Co-op. of Fla. v. Veneman*, 289 F.3d 89, 97 (D.C. Cir. 2002).  Vacatur is therefore the appropriate remedy.

Accordingly, consistent with the D.C. Circuit's remand, the court vacates its judgment as to Counts VI and VII of the original complaint, enters summary judgment in favor of Plaintiffs on Count VI, and vacates and remands the Final Deeming Rule's warning requirements for cigars and pipe tobacco.

Dated: September 11, 2020                                      _____
                                                                                            Amit P. Mehta
                                                                                            United States District Judge