IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CIGAR ASSOCIATION OF AMERICA, PREMIUM CIGAR ASSOCIATION, and CIGAR RIGHTS OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services Office of the Secretary, and MARTIN A. MAKARY, M.D., in his official capacity as Commissioner of Food and Drugs, <br><br> Defendants. | Civ. No. 1:16-cv-01460-APM |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of April 17, 2025, the parties submit this joint status report. The Court's Order directs the parties to propose a schedule for further proceedings. The parties have met and conferred on the issue, but they have been unable to reach agreement regarding the proper approach to further proceedings following remand from the D.C. Circuit. The parties accordingly present below their respective positions.

**Cigar Association of America (CAA):** The D.C. Circuit affirmed this Court's decision applying the "deeming rule" to "premium cigars," and further held that this Court acted within its discretion in vacating the FDA's Rule as applied to "premium cigars." *Cigar Ass'n of Am. v. FDA*, 132 F.4th 535, 542 (D.C. 2025). But the D.C. Circuit recognized that "the FDA never formally

1

defined the category of 'premium cigars,'" and that this Court's vacatur order "incorporated a definition of 'premium cigar' that the FDA never formally adopted." *Id.* at 542-543. "Given the centrality of th[e] issue," the D.C. Circuit reversed in part and directed that, on remand, "the parties should have the opportunity to express their views before" this Court "determines—in effect—the permissible scope of the FDA's existing rule." *Id.* at 543.

Consistent with the directive for the parties "to express their views" on an unresolved issue, *id.*, CAA proposes that each of the separately represented parties in this litigation—*i.e.*, (1) CAA; (2) the Premium Cigar Association and Cigar Rights of America; and (3) the Federal Defendants— each submit memoranda of law of up to 20 pages setting forth their respective views on the proper definition of "premium cigar" for purposes of the Court's remedial order. CAA further proposes that the parties' memoranda be due thirty (30) days from entry of the Court's scheduling order.

CAA respectfully submits that simultaneous briefing on this question will promote efficiency and is consistent with the D.C. Circuit's remand order. By contrast, sequential briefing incorrectly presupposes that there is an operative definition of "premium cigar" and that this matter involves a moving party and a respondent, with attendant burdens. Neither finds any support in the D.C. Circuit's order. Should this Court order sequential briefing with CAA to file an opening brief, CAA respectfully requests it be allowed to file a responsive brief fifteen (15) days after receiving briefs from other parties.

**<u>Federal Defendants</u>:**

It is Defendants' understanding that Plaintiff Cigar Association of America (CAA) is the only party that currently intends to propose a change to the status quo with respect to the appropriate definition of "premium cigars." But Defendants do not know what that proposed change is going to be, and thus do not know what factual or legal arguments they may advance in

response. For that reason, Defendants agree with Plaintiff Premium Cigar Association (PCA) and Plaintiff Cigar Rights of America (CRA) that sequential briefing, rather than simultaneous briefing, would be far more efficient and appropriate, under these circumstances. Defendants and Plaintiffs Premium Cigar Association and Cigar Rights of America thus propose the following schedule for further proceedings:

- Plaintiff CAA to file a brief in support of their proposed definition within 30 days of the Court's scheduling order (20 pages)

- All other parties to respond within 30 days of Plaintiff CAA's filing (20 pages for Plaintiffs PCA and CRA, 20 pages for the government)

- Plaintiff CAA to reply (if necessary) within 15 days (10 pages)

**Premium Cigar Association and Cigar Rights of America:**

Plaintiffs the Premium Cigar Association and Cigar Rights of America fully agree with the federal Government Defendants' statement and proposal.

Plaintiffs the Premium Cigar Association and Cigar Rights of America further note that, since this Court's August 2023 order, the Deeming Rule has been vacated as to the category of premium cigars defined in this Court's order. Plaintiff Cigar Association of America is the only party contemplating asking this Court to change to the status quo, and thus that organization should file a brief explaining its proposal first.

Any simultaneous briefing from the other parties would not produce documents helpful to the Court. Instead, such simultaneous briefs from the Government and Plaintiffs the Premium Cigar Association and Cigar Rights of America would be defenses of the status quo in the abstract. The briefing that will join any issue is hearing first from the one party potentially seeking a change in the status quo detailing any proposed adjustments and why they have merit. And then receiving a response from the other parties explaining any disagreements with those proposed changes.

3

Plaintiffs the Premium Cigar Association and Cigar Rights of America limit this filing to scheduling issues and will address characterizations of the D.C. Circuit opinion by Plaintiff CAA in substantive briefing.

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully Submitted |
| /s/*Michael J. Edney* | */s/Brian T. Burgess* |
| Michael J. Edney | Brian T. Burgess, DC Bar No. 1020915 |
| Hunton Andrews Kurth LLP | Andrew Kim, DC Bar No. 1029348 |
| 2200 Pennsylvania Avenue, NW | GOODWIN PROCTER LLP |
| Washington, DC 20037 | 1900 N Street, N.W. |
| (202) 778-2204 | Washington, D.C. 20036 |
| medney@huntonak.com | (202) 346-4000 |
| | bburgess@goodwinlaw.com |
| *Counsel for Premium Cigar Association and Cigar Rights of America* | andrewkim@goodwinlaw.com |
| | *Counsel for Cigar Association of America* |

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ERIC B. BECKENHAUER
Assistant Branch Director
Federal Programs Branch

/s/*Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

5